UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

                                              **MEMORANDUM & ORDER**

    -against-

                                              15 CR 204 (RJD)
                                              22 CV 6162 (RJD)
                                              22 CV 6163 (RJD)

ANGELO GIGLIOTTI, and
GREGORIO GIGLIOTTI,

                     Defendants.
----------------------------------------------------------X
DEARIE, District Judge.

      In their substantially verbatim motions for federal habeas relief pursuant to 28 U.S.C. § 2255, defendants Angelo Gigliotti ("Angelo") and Gregorio Gigliotti ("Gregorio"), through counsel, assert that the attorneys who represented them at trial were ineffective in their handling of the government's Batson objection during jury selection and in failing to seek letters rogatory pursuant to 28 U.S.C. §1781 to pursue the possible Maturo suppression issue[1] arising out of Italian law enforcement's role in the investigation. ECF Nos. 345-46, 353-54. As discussed briefly below, each of these 2255 claims is merely an effort to relitigate issues already fully adjudicated by this Court and the Second Circuit and so fail to state a basis for habeas relief.

## LEGAL STANDARDS

Section 2255 of Title 28 U.S.C., provides in relevant part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[1] See United States v. Maturo, 982 F.2d 57 (2d Cir. 1992).

>without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

18 U.S.C. § 2255(a). "It is well established that a §2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal." United States v. Pitcher, 559 F.3d 120, 123 (2d Cir. 2009) (cleaned up), cert. denied, 558 U.S. 1137 (2010). Under this so-called "mandate rule," matters that could have been but were not first raised on appeal are also barred from consideration in a Section 2255 proceeding. See Barry v. United States, 2015 WL 3795866, at *13 n. 3 (E.D.N.Y. June 15, 2015) (collecting authorities). Further, "where a defendant alleges varying factual predicates to support identical legal claims relating to a particular event, all claims constitute a single 'ground' for relief for purposes of applying the mandate rule in collateral proceedings." Yick Man Mui v. United States, 614 F.3d 50, 55 (2d Cir. 2010).

Finally, assuming arguendo that a claim that counsel was ineffective in his handling of an issue decided on direct appeal might be "distinct" under Pitcher, 559 F.3d at 123, and thus cognizable on § 2255, Massaro v. United States, 538 U.S. 500, 504 (2003), it is clear that such a claim may *not* be employed merely as packaging to relitigate that previously decided issue. See, e.g., White v. United States, 2012 WL 2119104, at *5 (S.D.N.Y. June l2, 2012) ("[section 2255] [p]etitioner unsuccessfully argued on direct appeal that the jury instruction was incorrect and cannot now repackage that procedurally barred claim as an ineffective assistance of counsel claim"); Azzara v. United States, 2011 WL5025010, at *6 (S.D.N.Y. Oct. 20, 2011) (section 2255 petitioner's "arguments ... based on claims pursued on direct appeal, repackaged ... as

2

ineffective assistance of counsel claims ... are procedurally barred").

## DISCUSSION[2]

**A. The Principal Ineffectiveness Claims**

Such prohibited repackaging is essentially what the defendants attempt here with each branch of their ineffectiveness claims. The allegations directed at their attorneys' handling of the Batson issue during jury selection are barred because the Second Circuit already rejected the defendants' claim that the government's Batson challenge was untimely and concluded that this Court properly handled the entire matter. See Gigliotti, 849 F. App'x at 284-6. Defendants likewise seek to reassert a previously decided matter in complaining that counsel should have sought pre-trial letters rogatory "in order to effectively pursue the suppression issue relating to the joint investigation between Italian National Police and United States law enforcement." ECF No. 345 at 5. That potential suppression issue, as the defendants well know, was more than amply pursued—and rejected—as documented in this Court's comprehensive post-trial decision and the Second Circuit's affirmance of that ruling. See Mem. & Order dated May 15, 2019 (construing Angelo's second Rule 33 motion as a motion to suppress under Fed. R. Crim. P. 12(b)(3); finding no Maturo violation; and noting that this was the "third attempt to convince the Court there was an improper joint investigation between Italian and American law enforcement authorities"); Gigliotti, 849 F. App'x at 287-8 (holding, inter alia, that "the district court appropriately concluded that [the record] did not demonstrate a violation under Maturo").[3]

---

[2] Writing solely for the parties, the Court assumes their familiarity with the underlying facts and all prior proceedings.

[3] United States v. Lauria, 70 F. 4th 106 (2d Cir. 2023), which defendants cite in a supplemental submission, does not alter this analysis. As they recognize, Lauria addresses the independent discovery rule, which this Court referenced in a footnote in its Rule 33 decision as an alternative

3

Even if the Section 2255 allegations were bona fide ineffectiveness claims rather than strategic repackaging of claims already litigated at the expense of seasoned trial counsel, they would fail to state a basis for habeas relief because, without reaching the question of whether counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), the Second Circuit's rulings preclude a showing of the required Strickland prejudice. Id. at 694 (to establish the prejudice, there must be "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").[4] With respect to jury selection, the defendants merely speculate as to what might have occurred had counsel acted differently but offer no basis for questioning the result of jury selection—or, by extension, of their trial. Likewise, having run out of material on this, their fourth round of arguing about the significance of Italy's role in the investigation, the defendants only speculate as to what evidence could have been produced from Italy through the issuance of letters rogatory. A fortiori, they can only speculate whether any such evidence might have resulted in different verdicts.

---

basis for denying the motion to suppress. See ECF 364 at 1. Lauria did not involve a Maturo scenario and has no bearing upon this this Court's principal holding, affirmed by the Second Circuit, that there was no Maturo violation in this case.

[4] As the Court in Strickland advised,

> a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. ... If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

Id. at 697.

**B. Gregorio's Additional Claim**

Gregorio, but not Angelo, also includes a third claim in his motion, as follows:

> counsel never explained that he could enter a plea to the indictment, without a plea agreement or cooperation agreement, or regardless of whether one was ever offered, and thus be eligible for a two or three point reduction pursuant to U.S.S.G. 3E1.1 for acceptance of responsibility. Had Gregorio Gigliotti been aware of this option, and the possibility that his sentencing guidelines would be significantly lower, he would have pled guilty rather than proceeding to trial. ECF Nos. 345, 346 at 5.

Viewing the record of this 2255 proceeding in its entirety, however, the Court concludes that this claim has been abandoned and so does not state a basis for habeas relief. As a threshold matter, the rule requiring liberal construction of a pro se prisoner's filings is not in play here, as all of Gregorio's submissions have been made by retained 2255 counsel Brendan White. Mr. White supplemented his filing of the initial motions with a memorandum of law that includes comprehensive discussions of the jury-selection and role-of-Italy branches of the ineffectiveness claim but which is silent on this separate claim of Gregorio's. See ECF No. 354. That supplemental counseled submission also includes an affidavit from Angelo addressing the Italy-related claim, see ECF No. 353, but nothing from Gregorio. The government declined to address this claim in its opposition; it noted there that the claim "was only raised in the defendants' motion but not argued substantively in their memorandum of law," and further observed that, other than the brief allegation in the motion, "Gregorio's moving papers do not include affirmations of fact in support." See ECF No. 359 at 4 n.1 (cleaned up).[5] Finally, in his reply to the government's submission, Mr. White filed another memorandum of law on behalf of both

---

[5] The affidavit that the government obtained from Gregorio's trial counsel Elizabeth Macedonio also addresses *only* the jury-selection and role-of-Italy branches of the ineffectiveness claim. See ECF No. 359-2.

5

defendants that again addressed only the jury-selection and role-of-Italy issues. See ECF No. 361. Further, that document begins with the disclaimer that, "[t]his reply memorandum of law addresses only those contentions in the Government's opposing papers which warrant a response. The contentions not addressed are sufficiently met by the facts and argument presented in Petitioners' initial memorandum of law." Id. at 1. In sum, the only reasonable interpretation of counsel's election *not* to address Gregorio's separate claim in his initial memorandum of law or to furnish an affidavit with particulars while providing one from Angelo addressing the Italy claim, along with his further election *not* to address the claim in his reply even in the face of the government's assessment of it, is abandonment.

## CONCLUSION

For the reasons discussed, the motions of defendants Angelo Gigliotti and Gregorio Gigliotti under 28 U.S.C. § 2255 are DENIED in their entirety. Because neither defendant has "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), no certificate of appealability will issue.

SO ORDERED.

Dated: Brooklyn, New York
July 13, 2023

_____s/_____
RAYMOND J. DEARIE
United States District Judge